ELECTRONICALLY FILED - 2018 Aug 23 4:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2604877

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| HORRY COUNTY ) | CIVIL ACTION NO: 2018-CP-26-_____ |
| ) | |
| Brandon T. Matney, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | |
| Wells Fargo Bank, National ) | |
| Association, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his office at Post Office Box 14860, Surfside Beach, South Carolina 29587, within THIRTY (30) DAYS after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                      s/William A. Bryan
                                                      SC Bar No. 984
                                                      Bryan & Haar
                                                      P.O. Box 14860
                                                      Surfside Beach, SC 29587
                                                      (843) 238-3461
                                                      BillBryan@bryanandhaar.net
                                                      Attorneys for Plaintiffs

August 23, 2018

1

ELECTRONICALLY FILED - 2018 Aug 23 4:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2604877

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| HORRY COUNTY ) | CIVIL ACTION NO: 2018-CP-26-_____ |
| ) | |
| Brandon T. Matney, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (Electronic Funds Transfer Act, Breach of Contract, |
| Wells Fargo Bank, National ) | and Negligence) |
| Association, ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO THE DEFENDANT ABOVE NAMED:

The Plaintiff, complaining of the Defendant, alleges as follows:

### FOR A FIRST CAUSE OF ACTION
(Electronic Funds Transfer Act)

1.  The Plaintiff, hereinafter "Brandon", is a citizen and resident of the State of South Carolina.

2.  The Defendant, hereinafter "Wells Fargo", is on information and belief a corporate entity organized under the laws of one of the states of the United States, having offices and doing business in Horry County, and throughout South Carolina.

3.  This Court has jurisdiction of the parties hereto.

4.  Brandon has several bank accounts with Wells Fargo, including a checking account containing the last four numbers 5883.

5.  Wells Fargo issued Brandon a debit card which could be used, among other things, to withdraw funds from or transfer funds among other accounts owned by Brandon at Wells Fargo.

2

6. In August of 2017 while in the State of California, Brandon was hospitalized and upon release from the hospital transferred to an inpatient rehabilitation facility where he remained from August 26, 2017, through October 1, 2017.

7. During the time period beginning August 25, 2017, through October 2, 2017, numerous unauthorized withdrawals from Brandon's checking account were made without his knowledge, consent or approval.

8. On or about October 1 or 2, 2017, Brandon discovered that his debit card for his Wells Fargo accounts was missing, therefore he personally went to the Wells Fargo bank, reported the missing debit card, and sought access to his checking account.

9. When Brandon went to the Wells Fargo bank on or about October 1 or 2, 2017, he also learned that numerous unauthorized withdrawals from his checking account had taken place between August 25, 2017 and October 2, 2017, and that during that same period of time, funds had been transferred from his savings account to his checking account without his knowledge, consent or approval.

10. In addition to the unauthorized withdrawals and transfers, Brandon learned that Wells Fargo had imposed banking fees for overdrafts and transfers related to the unauthorized withdrawals.

11. The total amount of unauthorized withdrawals from Brandon's checking account and the bank charges arising from overdrafts and transfers for unauthorized transactions totaled $37,775.

12. Brandon promptly and timely reported to Wells Fargo the unauthorized withdrawals and transfers and requested that Wells Fargo restore the missing funds to his account.

ELECTRONICALLY FILED - 2018 Aug 23 4:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2604877

13. In late October 2017, Brandon received notification from Wells Fargo that it declined to restore any of the funds to his account.

14. That under the provisions of 15 U.S.C.A. Section 1693, et. seq., commonly referred to as the Electronic Funds Transfer Act, Brandon is entitled to restoration of all unauthorized withdrawals from his checking account including related bank charges and for judgment against Wells Fargo in the amount of $37,775.

## FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

15. All of the allegations contained in the foregoing cause of action are incorporated herein by reference.

16. That Wells Fargo is a commercial banking enterprise which among other things provides banking services consisting of checking and savings accounts, for which it earns fees and income from its customers.

17. Brandon entered into a contract with Wells Fargo whereby Brandon deposited his money with Wells Fargo in both savings and checking accounts.  As a part of that contractual relationship, Wells Fargo issued Brandon a debit card to use to withdraw and transfer funds electronically in and through facilities owned and controlled by Wells Fargo, including among other things ATM machines.

18. That on information and belief so long as Brandon reports to Wells Fargo promptly upon learning of his debt card being lost or stolen, Wells Fargo agreed to indemnify or reimburse Brandon for any unauthorized withdrawals from his checking account.

19. Brandon promptly notified Wells Fargo of the missing debit card as soon as Brandon discovered its disappearance.  Brandon also immediately informed Wells Fargo that

ELECTRONICALLY FILED - 2018 Aug 23 4:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2604877

numerous unauthorized transactions had taken place at Wells Fargo ATM machines for which Brandon sought reimbursement from the bank.

20. Wells Fargo breached its contact with Brandon by failing to restore the funds to his bank account upon receiving timely notice from Brandon of the disappearance of his debit card and the unauthorized withdrawals and transfers from his bank accounts at Wells Fargo.

21. Brandon is entitled to judgment against Wells Fargo in the amount of $37,775.

### FOR A THIRD CAUSE OF ACTION
(Negligence)

22. All the allegations in the foregoing causes of action are incorporated herein by reference.

23. As a customer of Wells Fargo, the bank owed Brandon a duty to safeguard his funds on deposit with the bank.

24. Wells Fargo also owed Brandon a duty of due care to prevent the unauthorized use of his debit card or the unauthorized withdrawals from his bank account.

25. Wells Fargo breached its duty to Brandon by failing to safeguard his funds, allowing unauthorized access to his money electronically, on information and belief by violating its own policies, and in such other ways as may be determined in the prosecution of this action, resulting in loss and damage to Brandon in the amount of $37,775.

26. Brandon is entitled to judgment against Wells Fargo in the amount of $37,775.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

   a. in the amount of $37,775, along with the costs of this action and reasonable attorney's fees; and

   b. for such other and further relief as this Court deems just and proper.

ELECTRONICALLY FILED - 2018 Aug 23 4:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2604877

ELECTRONICALLY FILED - 2018 Aug 23 4:44 PM - HORRY - COMMON PLEAS - CASE#2018CP2604877

                                              s/William A. Bryan  
                                              SC Bar No. 984  
                                              Bryan & Haar  
                                              P.O. Box 14860  
                                              Surfside Beach, SC 29587  
                                              (843) 238-3461  
                                              BillBryan@bryanandhaar.net  
                                              Attorneys for Plaintiff

August 23, 2018